

1

<pre>
1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF VIRGINIA
2                        ALEXANDRIA DIVISION

3
   UNITED STATES OF AMERICA        )
4                                  )
                                   )
5        VS.                       )    1:20-CR-209  CMH
                                   )
6                                  )    ALEXANDRIA, VIRGINIA
                                   )      MARCH 5, 2021
7                                  )
   MICHAEL BEATTY                  )
8  _____)

9

10

11

12

13  _____

14                   TRANSCRIPT OF SENTENCING
              BEFORE THE HONORABLE CLAUDE M. HILTON
15                UNITED STATES DISTRICT JUDGE
    _____
16

17

18

19

20

21

22

23

24  Proceedings reported by stenotype, transcript produced by

25  Julie A. Goodwin.
</pre>

Julie A. Goodwin, CSR, RPR

2

1                    A P P E A R A N C E S

2

3   FOR THE PLAINTIFF:
          UNITED STATES ATTORNEY'S OFFICE
4         By:  MS. MONIKA L. MOORE
          Assistant U.S. Attorney
5         2100 Jamieson Avenue
          Alexandria, Virginia  22314
6         703.299.3700
          monika.moore@usdoj.gov
7

8

9   FOR THE DEFENDANT:
          LAW OFFICE OF DAVID J. CARLIN
10        By:  MR. DAVID J. CARLIN
          30 E. Padonia Road
11        Suite 400
          Timonium, Maryland  21093
12        410.561.3090
          carlindj@verizon.net
13

14        KING, CAMPBELL, PORETZ, PLLC
          By:  MR. JOSEPH D. KING
15        108 N. Alfred Street
          Alexandria, Virginia  22314
16        703.683.7070
          jking@kingcampbell.com
17

18

19  OFFICIAL U.S. COURT REPORTER:
          MS. JULIE A. GOODWIN, CSR, RPR
20        United States District Court
          401 Courthouse Square
21        Eighth Floor
          Alexandria, Virginia  22314
22

23

24

25

                                    Julie A. Goodwin, CSR, RPR

3

1   (MARCH 5, 2021, 9:28 A.M., OPEN COURT.)

2           THE COURTROOM DEPUTY:  Criminal Action Number

3   2020-CR-209, *United States of America versus Michael Beatty*.

4           MS. MOORE:  Good morning, Your Honor.  Monika Moore on

5   behalf of the government.

6           THE COURT:  Good morning.

7           MR. CARLIN:  David Carlin on behalf of the defendant,

8   Your Honor.  Good morning.

9           THE COURT:  All right.

10          Counsel, have you and your client had an

11  opportunity to review this presentence report?

12          MR. CARLIN:  We have, Your Honor.

13          THE COURT:  Any corrections you wish to make to it?

14          MR. CARLIN:  No, Your Honor.

15          THE COURT:  Anything you want to say at this time?

16          MR. CARLIN:  Yes, Your Honor, I would like to address

17  the Court.

18          THE COURT:  All right.  And you may remove that mask

19  if you want.

20          MR. CARLIN:  Thank you.

21          Good morning, Your Honor.  May it please the Court.

22  I would like to thank my local co-counsel, Joe King, for his

23  assistance over the past six months, and point out that Mike's

24  parents, Jim and Irene Beatty, and his partner, Sarah, are here

25  in the courtroom today.

4

1          Regarding our position on sentencing in this case,

2    Your Honor, let me emphasize the most relevant and persuasive

3    points in support of a noncustodial sentence of home detention

4    and probation with an allowance for Mr. Beatty to both work and

5    volunteer his time in the fight against the Coronavirus.

6          I'll note that not all the conspirators in this

7    matter have pled as Mr. Beatty has, and the government may

8    still require his testimony as he's agreed and committed to do

9    in this plea agreement.

10          I would like to begin by focusing on -- not on our

11   position on sentencing submitted on behalf of Mr. Beatty last

12   Friday, but instead reflect on the position on sentencing

13   submitted by the government.  In it, and as expected, they

14   summarized the facts in the light most favorable to the

15   government's suggestion that Mr. Beatty should be incarcerated

16   as recommended within the guidelines, namely 30 months.  They

17   focus on three general basic points when arguing the 30 months

18   is appropriate, and I'll address each individually and briefly.

19          The government begins by addressing the nature,

20   circumstance, and seriousness of the defense.  While this is

21   perhaps the best of the government's arguments, even here they

22   admit that, quote, it is impossible to determine what

23   percentage of this money would not have been expended if the

24   co-conspirators were more focused on the most appropriate

25   medical treatments and less focused on their own profits.  This

1   sentence is essentially true, but it cut -- cuts both ways.  As

2   it is impossible to determine what percentage of money would

3   have been expended, it's also impossible to determine whether

4   the amount might, in fact, have been greater than that was

5   actually paid for the creams and various compounds in this

6   case.

7            There are extremely expensive medical treatments

8   for various ailments, as well as highly addictive oral pills

9   for which the cost to our country financially, culturally, and

10  personally for millions of people have been horrifically high.

11  And the compounds in this case, relatively expensive as they

12  were, were viable, medically prescribed, and dispensed

13  medicines to those potentially damaging alternatives.

14           The government does not dispute any of this, nor

15  does the government dispute that Mr. Beatty's actions in this

16  case took place more than six years ago.

17           The government next presents the argument that

18  the -- next presents the point regarding the defendant's

19  personal history and characteristics.  And the government

20  begins by stating that Mr. Beatty has no known criminal

21  convictions, which strikes me as an odd way to phrase this

22  absolute.  More accurately, he has no criminal convictions at

23  all, nor any history of criminality whatsoever.

24           The government notes that he, quote, is an

25  intelligent, capable individual who had the life experience to

1    make lawful choices, but did not elect to do so in this

2    instance.

3              Mr. Beatty readily concedes this point.  And he's

4    repeatedly and sincerely expressed and demonstrated as sorrow

5    and remorse for his lack of good judgment.

6              However, because the government goes on in that

7    section to more or less take the position that because Mr.

8    Beatty is an otherwise good, intelligent, capable man and has

9    lived 52 of his 53 years in accord with the values of a good,

10   intelligent, capable man, that his significant but singular

11   failure in this case is cause for greater punishment.  We

12   disagree wholly with that opinion and suggest the very

13   opposite, that a lifetime of goodwill as a determinant is

14   deserving of less, not more punishment.

15             The letters written by friends and colleagues

16   presented to the Court, friends, colleagues, his partner, and

17   his therapist provide the Court with heartfelt stories of

18   friendship, decency, his generosity and genuine concern for

19   others, along with their urging for leniency from this Court.

20   These seven letters submitted illustrate Mike's true personal

21   history and characteristics, and these descriptions of his past

22   best illustrate the most likely direction for his future.

23             The third and final argument of the government for

24   a 30-month sentence is to promote respect for the law and

25   afford adequate deterrence.  In its position on sentencing, the

1    government includes a basic and true statement that, quote,

2    when doctors and pharmacists are motivated by their own profit

3    as opposed to the interest of their patients/customers,

4    significant patient harm could occur.

5              However, the government also directly states just

6    prior to this statement that there's no evidence that patient

7    harm resulted out of the actions of the defendants in this

8    case.  It is not just to encourage and advocate for a harsher

9    sentence based on what could have taken place.  Mr. Beatty's

10   sentence should be based on what actually occurred here.

11             By example, we do not punish those caught speeding

12   15 miles over the speed limit based on an accident which could

13   have occurred and harmed others, and nor should Mr. Beatty be

14   punished for what might have happened.  Both he and all of us

15   are thankful as the government's investigation revealed that

16   there exists no evidence of any harm to any patient involved in

17   this case.

18             The compounds at issue were medically necessary and

19   benefitted, not harmed, the patients to which they were

20   dispensed.  The issue in this case was never fraud or harm to

21   patients, but the crime of a pharmacist kicking back money to a

22   physician for the referral of prescriptions.

23             Pertaining to deterrence, the government states

24   that a 30-month sentence is, quote, necessary to send a message

25   to other potential fraudulent actors.

8

1          While the defense agrees that deterrence is

2   important, Michael Beatty is not the person to send this

3   message.  He benefitted personally just $7,370.64, or closer to

4   $5300 when expenses are factored in.  He was involved for

5   approximately one year.  He was not a creator or a ringleader

6   of the conspiracy.

7          He cooperated and assisted the government almost

8   immediately.  The events at issue concluded more than six and a

9   half years ago when he withdrew from the conspiracy.  And he

10  has no criminal history whatsoever except for this matter

11  before this Court.

12          On the issue of deterrence, it should be mentioned

13  that Mike has contacted his local community college, CCBC, the

14  Community College of Baltimore County, and has begun the

15  approval process to teach a class to pharmacy technicians

16  regarding kickbacks and to potentially other illegal scams

17  within the pharmaceutical industry:  Who and what to look for,

18  what forms they take, how they may be presented or described

19  as -- disguised as legitimate, how to recognize them, and how

20  to be a whistleblower, if or when one does see them.

21          As a deterrent, our argument is that Mr. Beatty's

22  teaching of such a class to hundreds of young pharmacy

23  technicians of potential future pharmacists would be an

24  infinitely greater deterrent than any period of incarceration

25  would project to other potential bad actors.

1          I would like to address Mr. Beatty's value to both

2    society generally and to his immediate community.

3          Coincidentally, perhaps at no time in his 53 years

4    than on this day right here, right now has Mike Beatty been of

5    greater value to society.  The Coronavirus pandemic has created

6    a countrywide need for persons to assist in administering

7    vaccines and testing, both of which Mike has done every weekend

8    since the vaccines became available for distribution.

9          He's become a buddy to military veterans through

10   the Veterans Administration to specifically tend to and comfort

11   those who may have been directly affected by the financial

12   misappropriation in this case.

13         The idea of an individual having value to society

14   is an interesting one.  In a sense, every contributing member

15   of society has value, but recent events have reinforced the

16   notion that for better or worse some members are deemed more

17   essential while others are deemed less.  Whatever one may think

18   of these classifications, Michael Beatty is today more than

19   ever an essential and particularly beneficial member of our

20   society.  The idea that there's greater value to Mr. Beatty

21   being in prison versus out of prison for the crime he committed

22   when the totality of the circumstances is taken into

23   consideration just doesn't make much sense.

24         With regard to our positioning on sentencing, I'll

25   briefly restate our -- our five main points.  Mr. Beatty

1    cooperated immediately and fully with the government.  He

2    committed to cooperation within 14 days of first contact by FBI

3    agents and began working with and informing the U.S. attorney

4    shortly thereafter.

5              Mr. Beatty had limited involvement with and

6    profiting from the illegal activity.  As previously noted, Mike

7    personally benefitted just $7,370 from this conspiracy.  And

8    this fact should be considered by the Court as sentencing

9    guidelines are largely based on the amount of money at issue.

10             It's noteworthy that none of the payments for

11   compounds made while Mike owned the pharmacy were made through

12   TRICARE, but through private insurance companies.  All of the

13   payments made to TRICARE occurred after Mike sold the pharmacy

14   at the direction of the new owners and without any financial

15   benefit to Mike.  The acts constituting of the conspiracy and

16   Mike's involvement in it were proactively ended by Mike over

17   six and a half years ago.

18             From the inception of the conspiracy, Mike was

19   targeted by his co-conspirators.  They identified and

20   approached him with the fully formed scheme, complete with

21   contracts to sign.  And as noted in the PSR, Mike did not

22   exercise any leadership role in the conspiracy.  For lack of a

23   better term, he was a highly skilled dupe.  The conspiracy

24   began before Mike's involvement and continued after his

25   withdrawal from it.

1          Mr. Beatty is a father and accomplished pharmacist,

2   a respected member of his community, and poses no future risk

3   to society.  Mike has no issue of -- excuse me -- history of

4   criminality whatsoever, either in the 45 years prior to the

5   initiation of this crime or the six and a half years since his

6   withdrawal.  For decades he's held solemn the trust and

7   confidence of his patients, and he faces the real and

8   significant punishment of losing his career, as he's notified

9   the Maryland Board of Pharmacy of this offense.  His pharmacist

10   license is scheduled for review in June.

11          Finally, the threat of COVID infection for Mike

12   must be taken into consideration.  He has hypertension, high

13   cholesterol, and was recently diagnosed with coronary art --

14   excuse me -- coronary artery calcification.

15          As it happens, I heard just yesterday on the radio

16   that while the State of Texas is removing its mask mandate and

17   opening its businesses fully, they have had recent severe

18   outbreaks in two particular areas:  In its nursing homes and in

19   its prison populations.  Despite our steady progress as a

20   country, the pandemic, and in particular its reaching into the

21   prison system, should be taken into account.

22          In summation, there are compelling reasons and

23   arguments for a noncustodial sentence in this case, and the

24   government's position on sentencing serves to augment not the

25   government's recommendation of a 30-month term, but rather

1   includes numerous statements would strengthen and further

2   support the defense's argument and position for a period of

3   home incarceration.

4          For these reasons, it is respectfully submitted

5   that a period of home incarceration is warranted with the

6   allowance of an exception for employment and volunteering.

7          Thank you, Your Honor.

8          THE COURT:  Does the government have anything to add?

9          MS. MOORE:  Very briefly, Your Honor.

10         Your Honor, the government realizes that the Court

11  has reviewed the government's papers, and Mr. Carlin has also

12  summarized a bit of the government's position.  But I do think

13  it's important to note that Mr. Beatty was a very critical and

14  important part of this scheme.  It could not have existed and

15  gone on with the Fallston Pharmacy without him, and that is

16  signified by the fact that the pharmacy was getting 50 percent

17  of the profits from these drugs based on his assistance with

18  the scheme, and the conspiracy benefitted from his direct

19  knowledge of how you bill these to TRICARE and other healthcare

20  benefit programs.

21         In addition, Mr. Beatty was a licensed pharmacist.

22  He was aware of the rules involving kickbacks and still elected

23  to participate in this scheme.  And while the government does

24  not have evidence of actual loss to the TRICARE program, this

25  is very serious conduct.  Patients could have been harmed, and

13

1  thus, the government does recommend a sentence at the low end

2  of the guidelines range.

3         Thank you.

4         THE COURT:  All right.  Mr. Beatty, would you come to

5  the podium.

6     (DEFENDANT COMPLIES.)

7         THE COURT:  Is there anything you would like to say at

8  this time?

9         THE DEFENDANT:  Yes, I do, sir.

10        THE COURT:  You can remove that mask.

11        THE DEFENDANT:  Honorable Judge Hilton, thank you for

12 allowing me to address you and your esteemed court.

13        First and foremost, I want to wholeheartedly

14 apologize to the federal government and its TRICARE

15 beneficiaries, the individuals harmed by my offense.  I also

16 want to apologize to my family for not only my actions in this

17 case, but for the possibility that there may be a period where

18 I will not be there for them.  The thought of that has given me

19 incredible anxiety and heartbreak.

20        I have devoted 25 years of my life to the pharmacy

21 profession and have always been proud of the work I have done

22 and the positive impact I have had, and continue to have, on my

23 patients and the community.  What I am not proud of is the

24 crime I committed that led me to stand before you today.  I am

25 deeply ashamed of my behavior.  I let down my profession, my

1    community, my friends, and most importantly my family, all

2    which have been negatively affected by my poor decisions.

3           I have carried the weight of this for a very long

4    time.  Standing before you today has brought me great relief,

5    despite whatever the outcome may be.  There have been many

6    positive developments in my life over the last couple of years.

7           I have completely turned around my issues with

8    depression and alcohol addiction by seeking the help of a

9    therapist and removing myself from situations that cause me to

10   be depressed.  I have found my partner, Sarah, to share life

11   with who brings love and positivity.

12          My son, Ethan, has accepted Sarah and has made

13   great strides after the difficulties that my divorce caused

14   him.  I am also now the father figure to Sarah's seven-year-old

15   son, Cal.  My family depends on me for support and comfort, and

16   it pains me greatly to know that this is now their reality as

17   well.

18          Since I pled guilty to the kickback conspiracy, I

19   have done everything in my power to show you and the Court that

20   I intend on righting my wrong.  My actions caused great harm to

21   the TRICARE benefit and to the many military men and women who

22   rely on that benefit, people who I have the utmost respect for.

23          I have volunteered my time to the Veterans

24   Administration to try and directly help the community harmed by

25   my offense.  I have also volunteered through the Carroll County

1    Health Department and have been deployed to administer the

2    Coronavirus vaccine every weekend when I am not working.

3              It is a strange and difficult time we live in due

4    to the pandemic, and I am blessed enough to have the skills and

5    ability to improve the health and lives of the people in my

6    community through my work and volunteer efforts.  I would like

7    to be able to continue to use these skills to help others

8    during this difficult time and in the future.

9              My hope is that my attorneys and I have provided

10   you with a valid argument that demonstrates to you that I am a

11   good person, a person of strong moral and ethical character.  I

12   made an incredibly poor decision out of clouded judgment and

13   greed for which I will forever regret.  I humbly accept

14   whatever punishment you feel is warranted to correct my wrongs,

15   and I am hopeful for the chance to work hard to be a positive

16   example in the community and to inspire others.

17             Again, thank you for the opportunity to address

18   this court and may God bless America.

19             THE COURT:  Well, Mr. Beatty, I find the guideline

20   factors here properly assessed at a range of 30 to 37 months,

21   and because of your financial condition the imposition of any

22   fine or cost would not be warranted.  And considering the

23   factors, as I must under Section 3553, the nature of this

24   offense and your involvement, the level of involvement in this

25   whole scheme, as well as your prior record and your age, I find

16

1    that a sentence somewhat below the guideline range would be

2    appropriate.

3            It will be the sentence of the Court that you be

4    committed to the custody of the Attorney General to serve a

5    term of 12 months and one day, a two-year period of supervised

6    release, pay a special assessment fine of $100.  A condition of

7    your supervised release are those standard conditions that have

8    been set forth here by your probation officer.

9            I will allow you to voluntarily surrender yourself

10   when space is available.

11           THE DEFENDANT:  Thank you, sir.

12           (PROCEEDINGS CONCLUDED AT 9:48 A.M.)

13                         -oOo-

14

15   UNITED STATES DISTRICT COURT   )
     EASTERN DISTRICT OF VIRGINIA   )

16
             I, JULIE A. GOODWIN, Official Court Reporter for
17   the United States District Court, Eastern District of Virginia,
     do hereby certify that the foregoing is a correct transcript
18   from the record of proceedings in the above matter, to the best
     of my ability.
19           I further certify that I am neither counsel for,
     related to, nor employed by any of the parties to the action in
20   which this proceeding was taken, and further that I am not
     financially nor otherwise interested in the outcome of the
21   action.
             Certified to by me this 17TH day of MARCH, 2021.

22

23

                           _/s/_____
24                         JULIE A. GOODWIN, RPR
                           Official U.S. Court Reporter
25                         401 Courthouse Square
                           Alexandria, Virginia  22314

                                        Julie A. Goodwin, CSR, RPR

3/5/21

17

1                              <u>**INDEX**</u>

2

3   **MARCH 5, 2021**

4                                                          <u>**PAGE**</u>

5

6   Argument by Mr. Carlin................................    5

7   Argument by Ms. Moore................................   12

8   The Court's Ruling...................................   15

9   The Reporter's Certification.........................   16

10                          -*-*-*-

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25